FILED
SEP 0 5 2019
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____KMT_____, DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLA.

CORY LEE JACOBS and
WILLIAM BARNES, et.al.,   ) File No. _____
        Plaintiff(s),      )
   v.                      ) CLASS ACTION
Grady County Jail, Grady County )  COMPLAINT
Jail Medical, and Unknown   )
Named Warden,               )
        Defendant(s).       )

PLAINTIFF(S), CORY LEE JACOBS, WILLIAM BARNES and et.al., HEREBY AND THROUGH, CORY LEE JACOBS, WILLIAM BARNES and et.al., proceeding pro-se, files and submits this COMPLAINT as a CLASS ACTION pursuant to federal law, 42 U.S.C. § 1983 and Bivens v. Six Unknown named Agents of Bureau of Narcotics. These honorable courts have proper jurisdiction for this CLAIM, for this CLAIM being a violation of United States Constitutional rights in GRADY COUNTY OF THE WESTERN DISTRICT OF OKLAHOMA.

I. CLAIM OF VIOLATION OF RIGHTS

1. Event one (1), claim one (1), Plaintiff, WILLIAM BARNES, hereinafter, Barnes, rights were violated at Grady County Jail in GRADY COUNTY, OKLAHOMA on dates May 18, 2019 through May 29, 2019.

   A. Barnes' American constitutional eighth (8th) admendment rights were violated by staff, unknown names, at Grady County Jail for inflicting cruel and unusual punishment.

   B. The staff intentionally and knowingly and neglectfully used unnecessary force without any safety or security

-1-                                          Pg: 1 of 9

FILED
SEP 05 2019
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ DEPUTY

C. The injuries sustained to Barnes consisted of physical and mental damage. While Barnes was laying down and staff tased and used physical force that caused injuries to left shoulder that may be permanent. Later, staff used unecessary force again by tasing Barnes in the back through a smaller food slot, while the door was locked.

D. Medical at Grady County Jail refuses to tend to the injuries caused by staff. Since Barnes is locked permanetly in a room there is no way to go get medical care, therefore if medical attention is not given, that is intentionally letting pain and injuries worsen, and is cruel and unusual punishment. Medical staff was advised and still denies to provide help.

2. Staff that were involved were not compliant in providing names as witnesses. Another inmate at the Grady County Jail was a witness, named, April Summers.

A. There was camera and video footage at and during these events that is in the care, custody and control of Grady County Jail.

B. There was audio evidence and recordings during the events in control by Grady County Jail.

3. Event one (1) claim one (1), Plaintiff, CORY LEE JACOBS, here in after, Jacobs, rights were violated by GRADY COUNTY JAIL, OF GRADY COUNTY, OKLAHOMA and the BUREAU OF PRISONS while an federal prisoner from dates August 1, 2019 through August 18, 2019.

A. Jacob's American Constitutional first (1st), fourth (4th), eighth (8th) and fourteenth (14th) Admendment rights were and are in violation from Grady County Jail, unknowned named staff and

-2-

Pg. 2 of 9

Warden, for denied access to freedom of speech, denied procedures of due process to being locked up without reason or charges, for inflicting cruel and unusual punishment, and restricting access to courts and/or not allowing fair and equal opportunity to hear evidence before punishment.

B. While in a locked cell at Grady County Jail, staff, unknown named, unlocked the door came in and said to turn around and put hands behind back, unlawfully arresting and restraining. Then the guard took Jacobs from the cell and was placed immediately in another cell with no mat, blanket or personal property. The staff later brought Jacobs a mat and blanket but intentionally, neglectfully and knowingly, disposed, stole and destroyed personal property. The personal property was a thermal gray shirt bought at Wal-Mart for 9.95$. And then against due process, habeas corpus, fair and equal opportunity to show evidence Jacobs was punished by being placed on lock-down. There were never any charges that were presented or read to Jacobs and no staff ever gave a reason for lock-down.

C. It is a crime and a constitutional violation to deprive a person of their property and stealing and destroying it. The staff was directly responsible. A violation of constitutional law by staff at Grady County Jail, deprived Jacobs right to due process of placing and administering punishment of disciplinary segregation and lockdown.

4. Medical staff of Grady County Jail failed to give medical care in violation of the eighth (8th) Amendment.

A. Jacobs filed to see medical about physical injuries

-3-

Pg. 3 of 9

to be assessed by a doctor. Injuries were severe as to broken bones. Jacobs was in front of a medical provider and a non-medical gaurd of Grady County Jail. Jacobs advised the provider that pursuant to federal and state laws, a licence agreement of medical providers include and shall follow doctor-patient cofidentiality. The medical staff then said were done and a gaurd pushed me and called all staff that an inmate was trying to fight. Medical refused to provide care and even to hear the medical issues. Later, after sustaining injuries from staff trying to brake Jacobs wrist, foot and other body parts, Jacobs told medical of injuries they again denied to take proper action.

3. Medical staff is to provide medical care, Jacobs is detained and cannot go freely to get care. It is considered cruel and unusual panishment to detain an individual and then to deny medical care and let medical problems worsen until serious and fatal damage.

5. Event two (2) Claim two (2), unknown named staff, intentionally, neglectfully and knowingly violated Jacobs 8th admendment rights at Grady County Jail from dates August 13, 2019 through August 17, 2019.

A. Jacobs was in a locked cell, when staff came to the door and starting yelling that they were going to use force and tasers. Staff opened the door, Jacobs stated "I need toilet paper", the guard said, "sit the fuck down before I tase you". The staff starting yelling and putting hands in Jacobs' face while sitting on the bunk.

-4-

Pg. 4 of 9

The guard was saying don't disrespect anyone when Jacobs replied "give me my toilet paper and get the fuck out my face". The guard then ripped Jacobs shirt by grabbing and pulling. The staff reached and grabed for Jacobs so suddenly that basic human reaction caused Jacobs to defend self by pushing the immediate threat away and saying "get the fuck off me." The staff bend Jacobs arms and put handcuffs on and then repeatedly slammed Jacobs into several walls. Then in another cell the staff pushed Jacobs on the ground and stomped on the ankle and said, shut up I'll beat the fuck out you. No medical assistance was never given, and Jacobs was punished by taking away privileges and placing in displinary segregation. The charges were never heard.

    B. Staff intentionally, neglectfully and knowingly causing physical damage, using unecessary force, beating and assaulting violates the eighth (8th) admendment right to cruel and unusual punishment. Medical never provided care for these injuries while prisoner cannot get it elsewhere is violation of 8th admendment. The staff that placed Jacobs in displinary segregation, deprived priveleges, and no staff told the reason or filed any charges; or denied Jacobs to give evidence and testimony before punishment is in violation of due process and equal and fair justice under the (4th) fourth and (14th) fourteenth admendments. Staff denied Jacobs to freely speak of events and took legal papers, hindering access to the courts under the (1st) admendment.

    C. The evidence includes witnesses, William Barnes,

Johnson (revised)
Harley (last name unknown) in cell 2F2, and a federal detainee in cell 2F1, all staff involved (names unknown). There is camera and video footage from Grady County Jail. There is evidence of audio and recordings from Grady County Jail.

## II. JURISDICTION OF CLAIMS

1. These honorable Courts shall have jurisdiction pursuant to all parties filing in process of administrative remedy procedures of PRLA, and claims of violation of United States constitutional rights.

## III. PRLA AND ADMINISTRATIVE PROCESS

1. Plaintiff, CORY LEE JACOBS, filed a grievance and no adequate response or remedy was provided.
2. Jacobs then advised Grady County Jail of the appeal of response or lack of.
3. Plaintiff, WILLIAM BARNES, filed a grievance and no adequate remedy or response provided.
4. Barnes advised the jails' administration of rights to appeal.
5. All proper procedures pursuant to PRLA were followed by all parties.

## IV.   DEFENDANTS

1. For plaintiff(s), the warden of Grady County Jail may be responsible for staff and policies.
2. For plaintiff, Jacobs, while a federal prisoner the Bureau of Prisons has custody.

## V. CLAIMS FOR RELIEF

-6-                    Pg. 6 of 9

1. Claims for relief sought for all plaintiff(s), shall be, but not limited to, monetary relief, injunctive relief, and Declatory relief.

2. Monetary damages, include, personal property, legal materials, undue burdensome, medical and future issues that may affect abilities to monetary gain for livelyhood.

   A. Being that there may be future medical problems and future expenses, in the future, substantial monetary relief is not accurately known.

   B. Punitive monetary damages shall be awarded for staff being intentional and neglectfull up to $10,000.

   C. All monetary damages shall be awarded, and all monetary damages is estimated more than $25,000.00.

2. Injunctive damages shall be awarded and order the Grady County Jail a proper investigation to change their illegal surrepititious practice.

3. Declatory relief shall be awarded and a law shall be put in affect to secure all person(s) to be free from any violations. And to make it a violation of law if such events are practiced anywhere.

## VI. DEFENDANT(S) CAPACITY AND INFO

1. All defendant(s) shall be sued in all capacities, official, personal, or any other. All these defendants(s) have same address.

2. Defendant one (1): GRADY COUNTY JAIL, 215 NORTH THIRD STREET, CHICKASHA, OK, 73018

   A. Defendant two (2): GRADY COUNTY JAIL, unknown number, unknown named staff, 215 NORTH THIRD STREET,

-7-

CHIKASHA, OK, 73018.

B. Defendant three(3): GRADY COUNTY JAIL, medical staff and department, 215 NORTH THIRD STREET, CHICKASHA, OK, 73018.

C. Defendant four(4): GRADY COUNTY JAIL, Warden, 215 NORTH THIRD STREET, CHICKASHA, OK, 73018.

D. Defendant five(5): BUREAU OF PRISONS, address not known.

**** DECLARATION OF IN FORMA PAUPERIS ****

I, CORY LEE JACOBS and WILLIAM BARNES, declare, pursuant to federal laws, under penalty of perjury; plaintiff(ss) in this action can not provide court costs and have a account balance of $0.00. All filing fees shall be waived and In Forma Pauperis status shall be GRANTED.

On this the 17 day of August, 2019.

WILLIAM BARNES
x _William Barnes_
Plaintiff
215 NORTH THIRD STREET
CHICKASHA, OK
73018

CORY LEE JACOBS
x _[signature]_
215 NORTH THIRD STREET
CHICKASHA, OK
73018

-8-   Pg. 8 of 9

\* \* \* CERTIFICATION AND DECLARATION \* \* \*

I, WILLIAM BARNES and CORY LEE JACOBS, certify that this document was placed in the U.S.P.S. to the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA to be filed and provided to all parties. And declare, pursuant to all federal law, under penalty of perjury, that all is true and correct.

On this the 17 day of August, 2019.

CORY LEE JACOBS
x _[signature]_
215 NORTH THIRD STREET
CHICKASHA, OK
73018

WILLIAM BARNES
x _William Barnes_
215 NORTH THIRD STREET
CHICKASHA, OK
73018

(Please be advised the facility will not provide the address to western district.)