IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CORY LEE JACOBS and WILLIAM BARNES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-19-824-D |
| GRADY COUNTY JAIL, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Shon T. Erwin, to whom this 42 U.S.C. § 1983 action was referred for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B). Upon the filing of the Complaint, Plaintiffs were in the custody of the Grady County Jail in Chickasha, Oklahoma. [Doc. No. 1]. Appearing *pro se* and seeking leave to proceed *in forma pauperis*, Plaintiffs asserted claims based on alleged violations of their constitutional rights.

On September 11, 2019, Judge Erwin ordered Plaintiffs to cure the deficiencies in their filed pleadings no later than September 30, 2019 [Doc. No. 5]. Specifically, Judge Erwin advised that Plaintiffs must each pay the $400.00 filing fee or submit a motion for leave to proceed *in forma pauperis* that conforms with the statutory requirements; that Plaintiffs should refile the Complaint on the form provided by the Clerk of Court; and that the failure to comply could result in the dismissal of the action without prejudice to refiling. *Id*. The Clerk forwarded to Plaintiffs the necessary forms on the same date. *See Id*; *see also* Staff Notes dated Sept. 11, 2019.

The record reflects that on September 20, 2019, Judge Erwin's order to cure deficiencies was returned with the notation "Not in Grady County Jail Return to Sender." [Doc. No. 7].

On October 7, 2019, Judge Erwin filed his Report [Doc. No. 8], recommending that Plaintiffs' action be dismissed without prejudice to refiling. Specifically, Judge Erwin noted that Plaintiffs had failed to cure the deficiencies or respond to the Court's order in any way. *Id*. Judge Erwin also noted that Plaintiffs had not submitted a notice of change of address to the Court, and that Plaintiffs were responsible for notifying the Court of any change of address pursuant to the Local Rules. *Id*.

In his Report [Doc. No. 8], Judge Erwin advised Plaintiffs of their right to object and directed that any objection be filed on or before October 24, 2019. Judge Erwin further advised Plaintiffs that any failure to object would result in waiver of the right to appellate review. The deadline for filing objections has passed. To date, Plaintiffs have not filed objections and have not sought an extension of time in which to do so. The Court notes that the record reflects the copy of the Report mailed to Plaintiffs was returned with the notation that Plaintiffs were no longer at the address provided to the Court. [Doc. No. 9].

Local Rule 5.4(a) expressly provides that a *pro se* litigant must file a change of address form when he moves, and the responsibility of the Court and the opposing parties is limited to mailing pleadings to a *pro se* litigant's last known address. LCvR 5.4(a). Material mailed by the Court to the last known address furnished by the *pro se* litigant is deemed delivered. *Id*. *See also* FED. R. CIV. P. 5(b)(2)(C) (service complete upon mailing

to a person's last known address). To date, Plaintiffs have not filed a change of address form or otherwise informed the Court of their new address. *See* LCvR 5.4(a).

The Court agrees with Judge Erwin that Plaintiffs' failure to comply with the Court's orders warrants dismissal of this action without prejudice. *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Ctr.,* 492 F.3d 1158, 1161-1162 n. 2 (10th Cir. 2007) (Rule 41(b) permits courts to dismiss actions *sua sponte* where a plaintiff fails to comply with the Federal Rules of Civil Procedure or the Court's orders). The Tenth Circuit has "consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 Fed. Appx. 915, 916-917 (10th Cir. May 16, 2012) (unpublished)[1] (internal quotation marks omitted), *citing Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *see also AdvantEdge Bus. Group v. Thomas E. Mestmaker & Associates, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (dismissal without prejudice warranted as a sanction for failure to prosecute or for failure to comply with local or federal procedural rules); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (dismissal appropriate where party disregards court orders and fails to proceed as required by court rules).

Accordingly, Judge Erwin's Report and Recommendation is ADOPTED as though fully set forth herein. This action is dismissed without prejudice to the filing of a new action. A judgment shall be issued forthwith.

---

[1] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

**IT IS SO ORDERED** this 13th day of November 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge